UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, *et al.*,

    Plaintiff,

and

PATRICIA BARRIGER,

    Plaintiff-Intervenor,

v.

TRINITY HOME HEALTH SERVICES,
d/b/a MERCY HOSPICE,

    Defendant.
_____/

Case No. 12-cv-13803
Honorable Gershwin A. Drain

**ORDER GRANTING PLAINTIFF-INTERVENOR'S MOTION TO COMPEL DISCOVERY [#15] AND REQUIRING THE PARTIES TO SUBMIT PROTECTIVE ORDER AND CANCELLING APRIL 3, 2013 HEARING**

**I.     INTRODUCTION**

Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), filed the instant enforcement action on August 28, 2012, alleging that Defendant, Trinity Home Health Services, has engaged in unlawful employment practices in violation of Section 102(a) of the Americans with Disabilities Act, 42 U.S.C. § 12112(a).  On November 21, 2012, this Court granted Patricia Barriger's Motion to Intervene pursuant to Rule 24(a)(1) of the Federal Rules of Civil Procedure.

Presently before the Court is Barriger's Motion to Compel Discovery, filed on February 21, 2013.  Defendant filed a Response on March 15, 2013 and the EEOC filed a Reply to Defendant's Response on March 28, 2013.  For the reasons that follow, the Court grants Barriger's Motion to

Compel.

## II.   FACTUAL BACKGROUND

Barriger worked for Defendant as a Contingent Registered Nurse from 1998 until May 2010 when she was terminated from employment. Defendant is a non-profit Michigan entity which supplies registered nursing and other hospice services to critically ill persons in the last stages of life. Defendant employs full-time, regular part-time, on-call and Contingent RNs.

Plaintiff was diagnosed with multiple sclerosis more than twenty (20) years ago. She worked until August of 2009 under certain medical restrictions, such as limiting her shifts to more than eight (8) hours per shift, not working in extreme cold or hot weather, and requiring break periods. Up to April of 2010, Barriger's restrictions were honored by Defendant.

In December of 2009, Plaintiff informed Defendant that she would be taking January, February and March off due to a pinched nerve that was unrelated to her multiple sclerosis. On March 30, 2010, Barriger dropped off a doctor's note providing that she could work one day per week, four (4) hours maximum per shift, for three (3) weeks. On May 7, 2010, Barriger received a letter from Defendant terminating her employment but inviting her to reapply for a job she could perform.

At her deposition, Barriger testified that she believed Defendant had allowed another Contingent RN, Cheryl Dukes, to schedule her shifts so that she could leave work to attend a music class. Thus, Barriger maintains that Dukes was treated more favorably than she was treated.

## III.   LAW & ANALYSIS

Here, Barriger sent six (6) document requests. Requests one (1) through four (4) seek "all documents which concern or refer or relate to the terms and conditions of employment of [Barriger's

comparators, specifically those employees who held the same position as Barriger and were managed by the same managers as those involved in the decision to terminate Barriger], including but not limited to her personnel file.[1]  Requests five (5) and six (6) seek similar information for employees who are disabled who were treated by Defendant "in a positive manner" or who were treated "in a negative manner" whom Defendant "intends to point to at trial as evidence it did not discriminate against Plaintiff based on her disability."  Originally, Defendant objected to requests one (1) through four (4) as ambiguous, overly broad, seeking irrelevant information and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant objected to requests five (5) and six (6) based on the same objections, as well as based on the attorney work product.

After Barriger filed the instant motion to compel, she and Defendant had further discussion in which it was agreed that with respect to requests one (1) through four (4), Defendant would produce the personnel files for review of Salayko, Dukes and Frazee[2] with social security and personal information, as well as the remainder of their personnel files, subject to a protective order. As to requests five (5) and six (6), Defendant and Barriger agreed that if Defendant intends to call at trial any individual who was either treated "positive" or "negative" compared to how Plaintiff was treated, the personnel files of such individual will be provided, contingent upon the proposed protective order.  *See* Def.'s Resp., Ex. 6.

However, the EEOC has refused to agree to the proposed protective order arguing that the proposed protective order is too broad because it applies to "all discovery by any party to this

---

[1] These individuals are Melissa Salayko, Cheryl Dukes, Joyce Frazee, Joan Woodward.

[2] Woodward was not a Contingent RN.

action" and prohibits any party subject to the order from discussing or revealing information contained in the discovery materials unless the individual is a regular employee of the firm who is assisting in the prosecution of this action. The EEOC insists that Defendant has failed to satisfy Rule 26(c) of the Federal Rules of Civil Procedure by offering solely "conclusory statements" regarding the privacy rights of the non-party employees without describing the potential harm with any particularity. Thus, the EEOC argues that Defendant should be compelled to produce the requested information without requiring a protective order.

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The parties do not appear to argue that the information sought by Barriger is irrelevant to her claims. Thus, the personnel files of Plaintiff's comparators are relevant to her discrimination claims. *See Caldwell v. Nat'l Ass'n of Home Builders*, 771 F.2d 1051 (7th Cir. 1986); *Burns v. Thiokol Chemical Corp.*, 383 F.2d 300 (5th Cir. 1973); *Bobo v. United Parcel Service, Inc.*, 665 F.3d 741 (6th Cir. 2012). Therefore, the remaining issue for the Court to determine is whether Defendant should be compelled to produce the documents without a protective order as requested by the EEOC.

Rule 26(c) governs the use of protective orders in the discovery process and states in relevant part:

> **(c) Protective Orders.**
> **(1) *In General.*** A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending–or as an alternative on matters relating to a deposition, in the court for the district where the

> deposition is to be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

Fed. R. Civ. P. 26(c). "While District Courts have the discretion to issue protective orders, that discretion is limited by the careful dictates of Fed. R. Civ. P. 26 and 'is circumscribed by a long-established legal tradition which values public access to court proceedings.'" *P&G v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). "The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. May 24, 2011) (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)). "To show good cause, a movant, a movant for a protective order must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." *Id.* (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987).

The Sixth Circuit Court of Appeals has held that defendant employers have a valid interest in the privacy of nonparty personnel files . . . ." *Knoll v. American Telephones and Telegraph Co.*, 176 F.3d 359, 365 (6th Cir. 1999). Such an interest includes protection of "highly personal information such as an individual's unlisted address and telephone number, marital status, wage information, medical background, credit history (such as requests for garnishment of wages), and other work-related problems unrelated to plaintiff's claims." *Id*. The *Knoll* court recognized that protective orders which limit access to such files to plaintiff's counsel "are commonly granted as a means of protecting the privacy interests of nonparties while yet serving the needs of litigation." *Id.* Therefore, non-party personnel files have highly personal information that is subject to protection. Contrary to the EEOC's arguments, the proposed protective order is not overly broad.

Rather it applies only to "the use of all discovery information/documents contained in personnel files of any current or former employee of Defendant, which relate to such person's medical, training, testing, disciplinary and performance evaluation information . . . ." Def.'s Resp., Ex. 6. Further, the proposed protective order permits the parties, experts, investigators and witnesses to use the information subject to the protective order.

**IV.     CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Barriger's Motion to Compel [#15] is GRANTED.  Defendant shall produce the requested discovery <u>within seven (7) days from the date of this Order</u>.

IT IS FURTHER ORDERED that Defendant submit the proposed protective order via the utilities function on CM/ECF <u>no later than April 3, 2013</u>.

IT IS FURTHER ORDERED that the Court declines to impose sanctions in the form of Barriger's attorney fees against Defendant.

SO ORDERED.

Dated: April 2, 2013                                                    /s/Gershwin A Drain
                                                                                         GERSHWIN A. DRAIN
                                                                                         United States District Judge