# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>Patricia Barriger,<br>Intervening Plaintiff,<br><br>v.<br><br>TRINITY HOME HEALTH SERVICES, INC., d/b/a Mercy Hospice,<br><br>       Defendant | CASE NO. 4:12-cv-13803<br>HON. Gershwin Drain<br>Mag. R. Steven Whalen |

LAURIE A. YOUNG
KENNETH L. BIRD
NEDRA D. CAMPBELL (P58768)
Counsel for Plaintiff
477 Michigan Avenue, Rm. 865
Detroit, Michigan 48226
(313) 226-3410 / 6584 (fax)
Nedra.campbell@eeoc.gov

DAVID B. GUNSBERG (P24235)
Counsel for Defendant
370 East Maple Rd., 3rd Fl.
Birmingham, Michigan 48009
(248) 231-9090
davidgunsberg@hotmail.com

GERALD D. WAHL (P26511)
Counsel for Intervening Plaintiff
Sterling Attorneys at Law, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, Michigan 48304
(248) 644-1500 / 1509 (fax)
gwahl@sterlingattorneys.com

JOSEPH G. SULLIVAN (P45673)
Associate Counsel
Trinity Health
20555 Victor Pkwy
Livonia, Michigan 48152
(734) 343-0850 / 5402 (fax)
sullivjg@trinity-health.org

## **CONSENT DECREE**

The Equal Employment Opportunity Commission (the "EEOC" or the "Commission") instituted this action against the Defendant, Trinity Home Health Services, Inc., d/b/a Mercy Hospice, (the "Defendant" or "Mercy Hospice"), pursuant to Title I of the Americans with Disabilities Act (ADA) of

1990 and Title I of the Civil Rights Act of 1991 alleging unlawful employment practices, which Defendant has denied, and to provide relief to the Charging Party, Patricia Barriger. The Commission, intervening Plaintiff Barriger, and Defendant agree that this action should be resolved by entry of this Decree.

This Decree shall be a final and binding settlement in full disposition of all claims raised in the complaint filed by the Commission in Case No. 4:12-cv-13803. It is therefore the finding of this Court, made on the pleadings and record as a whole, that: 1) the Court has jurisdiction over the parties and subject of this action; 2) the purpose and provision of the ADA will be promoted and effectuated by entry of this Decree; and 3) this Decree resolves all matters in controversy between the parties as provided below. It is hereby ORDERED, ADJUDGED AND DECREED:

## MONETARY RELIEF

1. Defendant will pay Barriger the total sum of Sixty Thousand ($60,000) Dollars (Settlement Amount). Defendant will issue two (2) checks for the Settlement Amount – one check payable to Patricia Barriger for Thirty Nine Thousand Nine Hundred Twenty Five Dollars and 07/100 ($39,925.07) and one check payable to Gerald Wahl, Barriger's attorney, for Twenty Thousand Seventy Four Dollars and 93/100 ($20,074.93). A 1099-MISC for the amount will be issued to Patricia Barriger for the Settlement Amount, in the ordinary course of business. Defendant shall not deduct the amount of the employer's share of any costs, taxes, or social security payments required by law to be

paid by the Defendant.

2. Payment shall be made within thirty (30) days after the Court enters this Decree, provided Gerald Wahl provides Defendant with an appropriate W-9 form. Payments shall be mailed directly to Gerald D. Wahl, Esq., 33 Bloomfield Hills Pkwy, Ste. 250, Bloomfield Hills, Michigan 48304. A check shall be made payable to Patricia Barriger and a check shall be made payable Gerald D. Wahl, Esq. A copy of the checks shall be mailed to Laurie A. Young or her successor, Regional Attorney, c/o Nedra Campbell, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226.

## **TRAINING**

3. Within ninety (90) days after the Decree has been entered by the Court, Defendant shall provide a mandatory training program that will focus on the requirements of the Americans with Disabilities Act of 1990, as amended. This training will be attended by Defendant's managers, supervisors and human resources personnel, and by Debra Solomon and her direct reports. This training shall be provided on a yearly basis for the duration of this Decree. The training will include information regarding the meaning of an individual with a "disability" under the ADA, and an employer's duty to make an individualized assessment of any qualified individuals with a disability in determining whether the employee can perform the essential functions of a job with or without a reasonable accommodation. Within 30 days after each mandatory training program, Defendant will provide the Commission with a list

of all attendees and certify that the designated personnel have been trained. This information should be provided to Laurie A. Young or her successor, Regional Attorney, c/o Nedra Campbell, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226.

## NOTICE POSTING

4. Defendant shall post the Notice attached as Attachment A in a conspicuous place where employees' notices are posted. This Notice shall be posted throughout the term of this Decree. Should the notice become defaced, marred or otherwise made unreadable, Defendant will post a readable copy of the Notice in the same manner as soon as practicable.

## REPORTING AND COMPLIANCE

5. Defendant shall provide, within thirty (30) days following yearly mandatory training specified in paragraph 3 above, the list of attendees in accordance with paragraph 3.

6. Defendant shall provide written verification within thirty (30) days of entry of the Decree that it has posted the notice attached as Attachment A as required in paragraph 4 above.

## DURATION

7. This Decree shall expire by its own terms at the end of two (2) years without further action by the Parties.

## DISPUTE RESOLUTION AND COMPLIANCE

8. The Court shall retain jurisdiction and will have all available

equitable powers, including injunctive relief, to enforce this Decree. Upon motion of the Commission, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The parties shall engage in a good faith effort to resolve any dispute as to compliance prior to seeking review by the Court, and shall be required to give notice to each other ten (10) days before moving the Court for such review.

9. In the event the Court determines that Defendant has not complied with any provision of this Decree, the Court may order appropriate relief as the Court may determine.

## **MISCELLANEOUS**

10. Except for the Twenty Thousand Seventy Four Dollars and 93/100 ($20,074.93) payment to Gerald Wahl, provided for in paragraph 1 above, each party shall bear its costs and attorney's fees incurred as a result of this action through the filing of this Decree.

11. If any provision of this Decree is found to be unenforceable by a Court, only the specific provision in question shall be affected and the other enforceable provisions shall remain in full force.

12. Defendant will not condition the receipt of individual relief on Barriger's agreement to (a) maintain as confidential the terms of this decree or the facts or allegations underlying the litigation, (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency, or (c) waive her right to apply for a position at any of Defendant's facilities.

13. This Decree does not constitute a finding of any violation of law.

14. Any modifications to this Decree must be approved by the Court.

15. Patricia Barriger has agreed to execute a release of claims, a copy of which has been provided to Barriger's attorney, Gerald Wahl.

16. The Court shall retain jurisdiction of this case through the term of the Decree.

| **Equal Employment Opportunity Commission** | **Trinity Home Health Services, Inc., d/b/a Mercy Hospice** |
|---|---|
| /s/ Nedra Campbell<br>NEDRA CAMPBELL (P58768)<br>Trial Attorney<br>DETROIT FIELD OFFICE<br>Patrick V. McNamara Federal Bldg.<br>477 Michigan Ave, Room 865<br>Detroit, Michigan 48226<br>(313) 226-3410<br>Nedra.Campbell@eeoc.gov | /s/David B. Gusnberg<br>DAVID B. GUNSBERG (P24235)<br>Counsel for Defendant<br>370 East Maple Rd., 3rd Fl.<br>Birmingham, Michigan 48009<br>(248) 231-9090<br>davidgunsberg@hotmail.com |
| Dated: October 29, 2013 | Dated: October 29, 2013 |
| /s/ Gerald D. Wahl<br>GERALD D. WAHL (P26511)<br>Counsel for Intervening Plaintiff<br>Sterling Attorneys at Law, P.C.<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, Michigan 48304<br>(248) 644-1500<br>gwahl@sterlingattorneys.com | /s/Joseph G. Sullivan<br>Joseph G. Sullivan<br>Counsel for Defendant<br>Trinity Health<br>20555 Victor Pkwy.<br>Livonia, Michigan 48152<br>(734) 343-0850<br>sullivjg@trinity-health.org |
| Dated: October 29, 2013 | October 29, 2013 |

**IT IS SO ORDERED**:

Date: <u>October 29, 2013</u>

/s/Gershwin A Drain
Hon. Gershwin Drain
United States District Judge

ATTACHMENT A

# NOTICE TO ALL EMPLOYEES

Trinity Home Health Services, Inc. d/b/a Mercy Hospice wishes to emphasize the company's fundamental policy of both providing equal employment opportunity in all operations and areas of employment practices, and ensuring that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability.

Pursuant to the Americans with Disabilities Act, it is unlawful for an employer to discriminate against an employee in connection with job application procedures, hiring, firing, advancement, compensation, job training, and other terms, conditions, and privileges of employment because the employee is disabled, is regarded as being disabled, or has a record of disability,

Any employee who believes that s/he has suffered discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, or disability, genetic information, or has been retaliated against because s/he has engaged in activity protected by these laws has the right to contact the EEOC directly at 1-800-669-4000. In compliance with federal law, Trinity Home Health Services, Inc., d/b/a Mercy Hospice will not retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart, the Michigan Department of Civil Rights.

Trinity Home Health Services, Inc. d/b/a Mercy Hospice, 2925 West Long Lake Road, Troy, MI 48098

By:_____ Date _____

**This Notice shall remain posted for the term of two years, until November 2015.**